1  KAREN P. HEWITT
   United States Attorney
2  PETER J. MAZZA
   Assistant U.S. Attorney
3  California State Bar No. 239918
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-5528
   peter.mazza@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA,    )   CASE NO.  08CR0887-JAH
12                              )
                                )   DATE:      May 5, 2008
13           Plaintiff,          )   TIME:      8:30 a.m.
                                )
14                              )   STATEMENT OF FACTS AND MEMORANDUM OF
           v.                   )   POINTS AND AUTHORITIES IN SUPPORT OF
15                              )   GOVERNMENT'S MOTIONS FOR RECIPROCAL
                                )   DISCOVERY AND TO COMPEL FINGERPRINT
16 GONZALO SOLIS-SALAZAR,       )   EXEMPLARS
                                )
17                              )
           Defendant.           )
18                              )
   _____)
19

20      COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and

21 through its counsel, KAREN P. HEWITT, United States Attorney, and

22 Peter J. Mazza, Assistant United States Attorney, hereby files the

23 attached statement of facts and memorandum of points and authorities

24 in support of Government's motion for reciprocal discovery and

25 fingerprint exemplars.

26 //

27 //

28

                                    I

1                         **STATEMENT OF THE CASE**

2       On March 26, 2008, a federal grand jury in the Southern District
3  of California returned a one-count Indictment charging Gonzalo Solis-
4  Salazar ("Defendant") with Attempted Entry after Deportation, in
5  violation of Title 8, United States Code, Section 1326. The
6  Indictment further alleged that Defendant had been removed from the
7  United States subsequent to February 15, 2005.

8                                   II

9                         **STATEMENT OF FACTS**

10      **A.    THE INSTANT OFFENSE**

11      On January 22, 2008, at approximately 12:35 a.m., Defendant
12 approached the pedestrian facility at the San Ysidro, California Port
13 of Entry in an attempt to enter the United States from Mexico. At
14 the pedestrian primary inspection area, Defendant presented a
15 California driver's license with his name and photograph and orally
16 claimed to be a United States citizen to the Customs and Border
17 Protection (CBP) officer. The CBP officer referred Defendant and a
18 female who was accompanying him to secondary inspection based on a
19 computer-generated referral.

20      At secondary, officers determined that Defendant was a
21 previously deported alien without any legal entitlement to enter or
22 remain in the United States based on computer queries. Officers took
23 Defendant into custody.

24      At approximately 3:20 a.m., CBP Officers Eric Valazquez and
25 Georgina Rios read Defendant his <u>Miranda</u> rights. Defendant
26 acknowledged that he understood these rights, executed a written
27 waiver, and agreed to speak with agents without the presence of
28 counsel. Defendant admitted that he was a citizen and native of

Mexico by way of birth in Guadalajara, Jalisco. Defendant admitted that he did not possess any documents that would allow him to enter or reside in the United States legally. He further admitted that he had previously been deported by an Immigration Judge. Defendant stated that he was on his way to Hemet, California to see his children. Defendant admitted that he had not applied for, nor received, permission to re-apply for admission into the United States. Defendant admitted to presenting the California driver's license in his name at primary inspection, but denied informing the officer that he was a United States citizen.

**B.   DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on January 16, 2007. Prior to this removal, Defendant had been removed on October 27, 2003, October 10, 2002, and November 17, 1998. He was removed through the Calexico, California Port of Entry in 2002 and 2003, and through the San Ysidro Port of Entry on the 1998 removal. An Immigration Judge ordered Defendant deported on June 6, 1997.

**C.   DEFENDANT'S CRIMINAL HISTORY**

Defendant's criminal history spans back to 1982. Between 1982 and 1992, Defendant had 10 convictions that do not score under the Sentencing Guidelines. In 1992, Defendant was convicted of First Degree Burglary and sentenced to three years prison. In 1998, Defendant was sentenced to four years prison after a conviction for petty theft with priors. Finally, in 2005, Defendant was convicted in the Central District of California for a violations of 8 U.S.C. § 1325, for which he received 30 months in custody.

### III

### **GOVERNMENT'S MOTIONS**

**A.    MOTION FOR RECIPROCAL DISCOVERY**

    **1.    RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with its obligations for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.    RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a

statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.    Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71

(1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: April 21, 2008.

          Respectfully Submitted,

          KAREN P. HEWITT
          United States Attorney

          /s/ Peter J. Mazza
          PETER J. MAZZA
          Assistant U.S. Attorney
          Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>GONZALO SOLIS-SALAZAR,<br><br>                    Defendant. | Case No. 08CR0887-JAH<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

   I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   1. SARA PELOQUIN, Esq., Federal Defenders of San Diego, Inc.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on April 21, 2008.

                                   /s/ Peter J. Mazza
                                   PETER J. MAZZA