KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528 / (619) 235-2757 (Fax)
Email: peter.mazza@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0887-JAH |
| Plaintiff, | Date: May 5, 2008 |
| | Time: 8:30 a.m. |
| v. | |
| | GOVERNMENT'S RESPONSE AND |
| GONZALO SOLIS-SALAZAR | OPPOSITION TO DEFENDANT'S |
| | MOTION TO: |
| Defendant. | |
| | (1)  COMPEL DISCOVERY; |
| | (2)  LEAVE TO FILE FURTHER |
| | MOTIONS; AND |
| | (3)  DISMISS INDICTMENT |
| | |
| | TOGETHER WITH MEMORANDUM OF |
| | POINTS AND AUTHORITIES. |

        COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and

through its counsel Karen P. Hewitt, United States Attorney, and

Peter J. Mazza, Assistant U.S. Attorney, and hereby files its

Response in Opposition to the motions filed on behalf of the above-

captioned defendant.  This Response and Opposition is based upon

the files and records of this case.

//

08CR0887-JAH

1                                        **I**

2                                 **INDICTMENT**

3        On March 26, 2008, a federal grand jury in the Southern District

4  of California returned a one-count Indictment charging Gonzalo Solis-

5  Salazar  ("Defendant") with Attempted Entry after Deportation, in

6  violation  of  Title 8,  United  States  Code,  Section 1326.   The

7  Indictment further alleged that Defendant had been removed from the

8  United States subsequent to February 15, 2005.

9                                       **II**

10                            **STATEMENT OF FACTS**

11       **A.    THE INSTANT OFFENSE**

12       On January 22, 2008, at approximately 12:35 a.m., Defendant

13 approached the pedestrian facility at the San Ysidro, California Port

14 of Entry in an attempt to enter the United States from Mexico.  At the

15 pedestrian primary inspection area, Defendant presented a California

16 driver's license with his name and photograph and orally claimed to

17 be a United States citizen to the Customs and Border Protection (CBP)

18 officer.   The CBP officer referred Defendant and a female who was

19 accompanying him to secondary inspection based on a computer-generated

20 referral.

21       At secondary, officers determined that Defendant was a previously

22 deported alien without any legal entitlement to enter or remain in the

23 United States based on computer queries.  Officers took Defendant into

24 custody.

25       At approximately 3:20 a.m., CBP Officers Eric Valazquez and

26 Georgina Rios read Defendant his <u>Miranda</u> rights.  Defendant

27 acknowledged that he understood these rights, executed a written

28                                                      08CR0887-JAH

                                       2

waiver, and agreed to speak with agents without the presence of counsel. Defendant admitted that he was a citizen and native of Mexico by way of birth in Guadalajara, Jalisco. Defendant admitted that he did not possess any documents that would allow him to enter or reside in the United States legally. He further admitted that he had previously been deported by an Immigration Judge. Defendant stated that he was on his way to Hemet, California to see his children. Defendant admitted that he had not applied for, nor received, permission to re-apply for admission into the United States. Defendant admitted to presenting the California driver's license in his name at primary inspection, but denied informing the officer that he was a United States citizen.

**B.    DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was physically removed from the United States through the San Ysidro, California Port of Entry to Mexico on January 16, 2007. Prior to this removal, Defendant had been removed on October 27, 2003, October 10, 2002, and November 17, 1998. He was removed through the Calexico, California Port of Entry in 2002 and 2003, and through the San Ysidro Port of Entry on the 1998 removal. An Immigration Judge ordered Defendant deported on June 6, 1997.

**C.    DEFENDANT'S CRIMINAL HISTORY**

Defendant's criminal history spans back to 1982. Between 1982 and 1992, Defendant had 10 convictions that do not score under the Sentencing Guidelines. In 1992, Defendant was convicted of First Degree Burglary and sentenced to three years prison. In 1998, Defendant was sentenced to four years prison after a conviction for

08CR0887-JAH

3

petty theft with priors.  Finally, in 2005, Defendant was convicted in the Central District of California for a violations of 8 U.S.C. § 1325, for which he received 30 months in custody.

III

**POINTS AND AUTHORITIES**

**A.    DEFENDANT'S MOTION FOR DISCOVERY SHOULD BE DENIED EXCEPT AS PROVIDED BELOW**

The Government has and will continue to fully comply with its discovery obligations.  To date, the Government has produced 90 pages of written discovery and one dvd.  The discovery includes, inter alia: (1) reports generated at the time of arrest; (2) Defendant's apprehension history; (3) Defendant's rap sheet; (3) immigration documents from Defendant's A-File; and (5) a dvd of Defendant's post-arrest interview.

**1.    Statements of Defendants**

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant statements.

**2.    Arrest Reports, Notes, Dispatch Tapes**

The Government has provided Defendant with incident and arrest reports. Defendants are not entitled to rough notes generally because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d  605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).  However, the Government does not object to the preservation of rough notes, if any

08CR0887-JAH

4

1  exist.

2      **3.   <u>Brady Material</u>**

3      The Government will comply with its obligations under <u>Brady v.</u>

4  <u>Maryland</u>, 373 U.S. 83 (1963) in providing information material to

5  guilt or punishment.

6      **4.   <u>Information That May Result in a Lower Sentence</u>**

7      The Government is not aware of any such information.

8      **5.   <u>Prior Criminal Record</u>**

9      The Government has provided Defendant with his known criminal

10  record.

11      **6.   <u>Federal Rules of Evidence 404(b) and 609</u>**

12      The Government has and will disclose the existence of any Rule

13  404(b) or 609 evidence, if any, prior to trial.  The Government will

14  continue to comply with its discovery obligations regarding

15  defendant's prior arrests.   Defendant is not generally entitled to

16  "TECS" records.

17      **7.   <u>Evidence Seized</u>**

18      The Government will comply with Federal Rule of Criminal

19  Procedure 16(a)(1)(E) in allowing Defendant an opportunity, upon

20  reasonable notice, to examine, copy and inspect physical evidence

21  which is within the possession, custody or control of the Government,

22  and which is material to the preparation of Defendant's defense or are

23  intended for use by the government as evidence in chief at trial, or

24  were obtained from or belong to the defendants.

25      The Government, however need not produce rebuttal evidence in

26  advance of trial.  <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th

27  Cir. 1984), <u>cert</u>. <u>denied</u>, 474 U.S. 953 (1985).

28                                          08CR0887-JAH

                                5

1        **8.    Preservation of Evidence**

2        The Government will preserve the evidence in this case.

3        **9.    Henthorn Information**

4        The United States will comply with the requirements of <u>United

5    States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).   The prosecutor

6    assigned to the case, however, is under no obligation to personally

7    examine the personnel files of testifying agents.    See <u>United States

8    v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992).

9        **10.    Tangible Evidence**

10       The Government will comply with Fed.R.Crim.P. 16(a)(1)(E) in

11   providing Defendant an opportunity to inspect and copy the evidence.

12       **11.    Expert Witnesses**

13       The Government will comply with Rule 16(a)(1)(G) pertaining to

14   expert witnesses.

15       **12.    Evidence of Bias or Motive to Lie**

16       As stated above, the Government will comply with its obligations

17   under <u>Brady</u> and <u>Giglio</u>.    The Government knows of no bias, prejudice

18   or other motivation to testify falsely or impairments of its

19   witnesses, but will make appropriate disclosures if such information

20   should become known.    See <u>Napue v. Illinois</u>, 360 U.S. 264 (1959);

21   <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935).

22       **13.    Impeachment Evidence**

23       As noted above, the Government will comply with its obligations

24   under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United

25   States</u>, 405 U.S. 150 (1972).

26       However, under <u>Brady</u>, and <u>United States v. Agurs</u>, 427 U.S. 97

27   (1976), the Government must only disclose <u>exculpatory</u> evidence <u>within

28                                                          08CR0887-JAH

                                  6

1  its possession that is material to the issue of guilt or punishment.

2  See also United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).

3  Defendants are not entitled to all evidence  which is or may be

4  favorable to the accused or which pertains to the credibility of the

5  Government's case.  Gardner, 611 F.2d at 774-775.

6       Defendant requests the Government provide the criminal record of

7  witnesses the Government intends to call and any information relating

8  to a criminal investigation of a witness.  Although the Government

9  will provide conviction records, if any, which could be used to

10  impeach a witness, the Government is under no obligation to turn over

11  the criminal records of all witnesses.  United States v. Taylor, 542

12  F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977).

13  When disclosing such information, disclosure need only extend to

14  witnesses the Government intends to call in its case-in-chief.  United

15  States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v.

16  Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

17       The Government will turn over evidence within its possession

18  which could be used to properly impeach a witness who has been called

19  to testify.  Defendants are not entitled, however, to any and all

20  evidence that a prospective witness is under investigation by federal,

21  state or local authorities for misconduct.

22       **14.  Evidence of Criminal Investigation of Any Government Witness**

23       Defendant cites no authority in this Circuit or under the Federal

24  Rules for this request.

25  //

26  //

27  //

28                                                    08CR0887-JAH

7

### 15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

### 16. **Witness Addresses**

While the Government <u>may</u> supply a tentative witness list with its trial memorandum, it objects to providing home addresses. <u>See</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir. 1980), and <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). A request for the home addresses and telephone numbers of Government witnesses is tantamount to a request for a witness list and, in a non-capital case, there is no legal requirement that the Government supply defendant with a list of the witnesses it expects to call at trial. <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1974), <u>cert. denied</u>, 419 U.S. 835 (1974); <u>United States v. Glass</u>, 421 F.2d 832, 833 (9th Cir. 1969).[1]

The Ninth Circuit addressed this issue in <u>United States v. Jones</u>,

---

[1]     Even in a capital case, the defendant is only entitled to receive a list of witnesses three days prior to commencement of trial.  18 U.S.C. § 3432.  <u>See</u> <u>also</u> <u>United States v. Richter</u>, 488 F.2d 170 (9th Cir. 1973)(holding that defendant must make an affirmative showing as to need and reasonableness of such discovery).  Likewise, agreements with witnesses need not be turned over prior to the testimony of the witness, <u>United States v. Rinn</u>, 586 F.2d 1113 (9th Cir. 1978), and there is no obligation to turn over the criminal records of all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976); <u>United States v. Egger</u>, 509 F.2d 745 (9th Cir.), <u>cert</u>. <u>denied</u>, 423 U.S. 842 (1975); <u>United States v</u>. <u>Cosby</u>, 500 F.2d 405 (9th Cir. 1974).

08CR0887-JAH

8

612 F.2d 453 (9th Cir. 1979), <u>cert. denied</u>, 445 U.S. 966 (1980).  In <u>Jones</u>, the court made it clear that, absent a showing of necessity by the defense, there should be no pretrial disclosure of the identity of Government witnesses.  <u>Id.</u> at 455.  Several other Ninth Circuit cases have reached the same conclusion.  <u>See, e.g.</u>, <u>United States v. Armstrong</u>, 621 F.2d 951, 1954 (9th Cir. 1980); <u>United States v. Sukumolachan</u>, 610 F.2d at 687; <u>United States v. Paseur</u>, 501 F.2d 966, 972 (9th Cir. 1974) ("A defendant is not entitled as a matter of right to the name and address of any witness.").

**17.   Name of Witnesses Favorable to Mr. Contreras-Hernandez**

As noted above, the Government will to continue to comply with its obligations pursuant to <u>Brady</u>.

**18.   Statements Relevant to Defense**

As noted above, the Government will comply with its obligations pursuant to Rule 16.

**19.   Jencks Act**

The Government will comply with its obligations pursuant to the Jencks Act.

**20.   Giglio Material**

The Government will comply with its obligations pursuant to <u>Giglio</u>, 405 U.S. 150.

**21.   Agreements Between the Government and Witnesses**

Counsel for the Government is unaware of any such agreements.

**22.   Informants/Cooperating Witnesses**

Counsel for the Government is unaware of any informant or cooperating witness in this case.

//

08CR0887-JAH

23. **<u>Bias by Informants/Cooperating Witnesses</u>**

Counsel for the Government is unaware of any informants or cooperating witnesses.

24. **<u>Scientific and Other Information</u>**

The Government will comply with its obligations pursuant to Rule 16(a)(1)(D).

25. **<u>A-File Review and Residual Request</u>**

The Government does not object to Defendant viewing A-File documents in this case to the extent that such documents fall under the Government's discovery obligations. The Government notes that several pages from the A-File relevant to Defendant's immigration history have already been discovered.

B. **<u>DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT SHOULD BE DENIED</u>**

1. **Defendant Has Not Demonstrated that the Grand Jury was Misinstructed**

Defendant was indicted by the January 2007 grand jury. Without providing any specific arguments, Defendant claims that the grand jury was misinstructed in two distinct ways by Judge Burns who gave them their initial instructions: (1) that their singular duty was to make a probable cause determination and that they therefore had no ability to decline to indict even though the probable cause standard was satisfied; and (2) that prosecutors presenting cases had a duty to present exculpatory evidence. As the Court is well aware, Federal Defenders of San Diego now make this argument in virtually every case indicted by the January 2007 grand jury, and have had this matter decided by several District Court Judges in this district, including the Court. (<u>See</u> Order Denying Motion to Dismiss Indictment, <u>United

08CR0887-JAH

10

1  States v. Jimenez-Bermudez, 07CR1372-JAH, attached hereto as Exh. A.)

2       The Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d

3  1184 (9th Cir. 2005) (en banc) generally found two grand jury

4  instructions that were similar to those at issue here to be

5  constitutional.  Even assuming some error, both the Supreme Court and

6  the Ninth Circuit have specifically discouraged courts from utilizing

7  their supervisory powers to review grand jury procedures.  See, e.g.,

8  United States v. Williams, 504 U.S. 36, 50 (1992) ("Given the grand

9  jury's operational separateness from its constituting court, it should

10 come as no surprise that we have been reluctant to invoke the judicial

11 supervisory power as a basis for prescribing modes of grand jury

12 procedure"); United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992).

13      In addition to the Court's ruling in Jimenez-Bermudez, Judge

14 Moskowitz issued a similar ruling in United States v. Martinez-

15 Covarrubias, 07CR0491-BTM, denying this same motion to dismiss the

16 indictment.  (See Gov't's Exh. B attached hereto.)  Like the Court,

17 Judge Moskowitz found no structural error in Judge Burns's grand jury

18 instructions.

19      As there was nothing legally deficient with the instructions

20 given to the January 2007 grand jury panel, Defendant's motion to

21 dismiss the indictment on this ground should be denied.

22 //

23 //

24 //

25 //

26 //

27 //

28                                                    08CR0887-JAH

                              11

1          VI

2      CONCLUSION

3      For the foregoing reasons, the United States requests that the

4  Court deny Defendant's motions, except where unopposed.

5      DATED: April 28, 2008

6

7                          Respectfully submitted,

8
                           KAREN P. HEWITT
9                          United States Attorney

10                         /s/ Peter J. Mazza

11                         _____
                           PETER J. MAZZA
12                         Assistant United States Attorney
                           Attorneys for Plaintiff
13                         United States of America
                           Email: peter.mazza@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                  08CR0887-JAH

1
2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3
4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0887-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| GONZALO SOLIS-SALAZAR, | ) | |
| | ) | |
| Defendant. | ) | |

5
6
7
8
9

IT IS HEREBY CERTIFIED THAT:

10
11
12

    I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

13
14
15
16
17

    I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

18

    1. Sara Peloquin, Esq., Federal Defenders of San Diego, Inc.

19
20

    I declare under penalty of perjury that the foregoing is true and correct.

21

    Executed on April 28, 2008.

22
23
24

                        /s/ Peter J. Mazza
                        PETER J. MAZZA

25
26
27
28

08CR0887-JAH

13