1 **SARA M. PELOQUIN**
California State Bar No.254945
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5008
Telephone: (619) 234-8467
4 sara_peloquin@fd.org

5 Attorneys for Mr. Solis-Salazar

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10 **(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR0887-JAH |
| ) | DATE: August 18, 2008 |
| Plaintiff, ) | TIME: 8:30 a.m. |
| ) | |
| v. ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| GONZALO SOLIS-SALAZAR, ) | AUTHORITIES IN SUPPORT OF |
| ) | <u>MR. SOLIS-SALAZAR'S MOTIONS</u> |
| Defendant. ) | |
| _____ ) | |

**I.**

**<u>STATEMENT OF FACTS</u>**

The following statement of facts is based on materials received from the government. Mr. Solis-Salazar does not accept this statement of facts as his own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

Mr. Solis-Salazar was arrested on January 22, 2008. The probable cause statement accompanying the January 22, 2008 complaint alleges that Mr. Solis-Salazar attempted to enter the United States through the San Ysidro port of entry pedestrian lane by presenting a California driver's license. A name query allegedly generated a secondary referral. Records checks allegedly revealed that Mr. Solis-Salazar was a deported alien.

//

1    At approximately 3:20 a.m. Mr. Solis was interrogated by Customs and Border Protection officers Velasquez and Rios.  Officer Velasquez read Mr. Solis his Miranda rights.  After advising Mr. Solis of his rights Agent Velasquez asked Mr. Solis to read a statement from the standard advisal of rights form.  Mr. Solis read, " I before have, have read to me this statement of my rights and I understand what my rights are."  Officer Velasquez asked if Mr. Solis agreed with that statement and Mr. Solis responded, "Yes."  Mr. Solis signed the waiver of his rights at approximately 3:24 a.m.

    Only after advising Mr. Solis of his rights and obtaining a waiver, Officer Velasquez asked Mr. Solis about his alcohol consumption that evening.  Mr. Solis responded that he had consumed sixteen 32oz beers and that his last drink had been approximately three hours earlier, at midnight.  Upon hearing this statement Officers Rios and Velasquez both commented. "That's a lot of beer."  Agent Rios asked, " And you're still standing?"  At approximately 3:25 a.m., after observing Mr. Solis for five minutes, Officer Velasquez asked Mr. Solis to sign the standard health questionnaire and concluded that Mr. Solis was not under the influence of drugs or alcohol.  Officer Velasquez stated, "These are just my visual observations, that we've ah, with the interaction that we've had so far."  Officer Velasquez did not ask Mr. Solis to perform a sobriety test.  He did not ask Mr. Solis if he still felt under the influence of alcohol or whether he felt he could answer questions at that time.  The interrogation proceeded and Mr. Solis made incriminating statements.

    On March 26, 2008, the January 2007 Grand Jury returned  a one count indictment charging Mr. Solis-Salazar with attempted entry after deportation a violation of 18 U.S.C. §1326 (a) and (b).

    These motions follow.

## II.

## MOTION TO SUPPRESS STATEMENTS

**A.    Mr. Solis' Statements Mus Be Suppressed Because His Waiver of His Miranda Rights Was Not Knowing and Intelligent.**

    It is axiomatic that all custodial statements must preceded by the warnings laid out by the Supreme Court in  Miranda v. Arizona, 384 U.S. 436 (1966).  The Miranda warnings are not merely prophylactic protections of the arrestee's Fifth Amendment rights against self incrimination and to assistance of counsel, the warnings themselves are of constitutional dimension. Dickerson v. United States,  530 U.S. 428 (2000).  The government has the burden to prove by at least a preponderance of the evidence that waiver of these rights

is knowing, voluntary and intelligent. <u>Colorado v. Connelly</u>, 479 U.S. 157 (1986); <u>United States v. Bautista-Avila</u>, 6 F.3d 1360, 1365 (9th Cir. 1993). There is a presumption against the waiver of constitutional rights. <u>North Carolina v. Butler</u>, 441 U.S. 369, 373 (1966); <u>United States v. Heldt</u>, 745 F.2d 1275, 1277 (9th Cir. 1994); <u>Johnson v. Zebst,</u> 304 U.S. 458, 464 (1938)(the court will "indulge every reasonable presumption against waiver of fundamental constitutional rights).

"Whether there has been a valid waiver depends on the totality of the circumstances, including the background experience and conduct of the defendant." <u>United States v. Bernard S.</u>, 795 F.2d 749, 751 (9th Cir. 1986). Courts have considered the following factors when determining the validity of a Miranda waiver: 1) whether the accused signed a written waiver, <u>Bernard S., 795 F.2d 749</u>; <u>Bautista- Avila</u>, 6 F.3d 1360; 2) whether the interrogating Officer advised the accused of his rights in his native language, <u>Baustista-Avila</u>. 6 F.3d 1360; <u>United States v. Gonzalez</u>, 749 F.2d 1329, 1336 ( 9th Cir. 1984); 3) whether the accused had the assistance of a translator, <u>Bernard S.</u>, 795 F.2d 749; 4) whether the accused appeared to understand his rights, <u>Gonzalez</u>,749 F.2d 1329; 5) whether the rights were individually and repeatedly explained, <u>United States v. Garibay</u>, 143 F.3d 534 (9th Cir. 1998); 6) whether the accused was under the influence of alcohol or mind altering substances, <u>United States v. Betters</u>, 229 F. Supp.2d 1103 (D. Or., 2002).

Officer Velasquez advised Mr. Solis of his right and obtained a waiver before asking him whether he had consumed any alcohol. In obtaining Mr. Solis' waiver, Officer Velasquez asked "yes" or "no" questions, such as "Do you understand this right?" After, Mr. Solis revealed that he has consumed a substantial amount of alcohol that evening, Officer Velasquez did not ask any additional questions to ensure that Mr. Solis in fact understood his rights or was in any condition to knowingly and intelligently waive his rights. Because the government has the burden to prove a knowing and intelligent waiver, Agent Velasquez' failure to inquire whether Mr. Solis truly understood his rights requires the suppression of Mr. Solis' post-arrest statements.

Furthermore, while Officer Velasquez stated that Mr. Solis appeared coherent and not under the influence, Officer Velasquez made that determination after a five minute conversation where Mr. Solis answered "yes" or "no" and then read aloud one sentence from a waiver form. This is not a reasonable or meaningful way to ascertain whether a person is under the influence and capable of making a knowing and intelligent waiver of his constitutional rights. Officer Velasquez failed to conduct any sobriety tests or secure

any additional representations from Mr. Solis or other evidence that Mr. Solis knew his rights, and was able to intelligently and knowingly waive them. Therefore, the government cannot meets it burden to show a knowing and intelligent waiver. At minimum this Court should grant an evidentiary hearing to determine whether Mr. Solis' waiver was knowing and intelligent.

### B. Mr. Solis's Statements Must Be Suppressed Because They Were Involuntary.

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. Id.

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1962). "The test is whether the confession was `extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

Until the government meets its burden of showing all statements of the defendant that it intends to use at trial were voluntary, all statements -- even those taken before he was in "custody" -- must be suppressed as involuntary.

### C. Mr. Solis Requests That This Court Conduct An Evidentiary Hearing.

This Court must make a factual determination as to whether a statement was voluntarily given prior to its admission into evidence. 18 U.S.C. § 3501(a). Where a factual determination is required, courts are

obligated by Fed. R. Crim. P. 12 to make factual findings. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

Under section 3501(b), this Court must consider various enumerated factors in making the voluntariness determination, including whether the defendant understood the nature of the charges against his and whether she understood his rights. Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors. Mr. Solis accordingly requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any and all statements made by him were voluntary.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Investigation of this case is not complete. Information that comes to light as a result of further investigation may necessitate the filing of additional motions. Therefore, counsel requests leave to file additional motions once investigation is completed.

### IV.

### CONCLUSION

For the reasons stated above, Mr. Solis-Salazar moves this Court to grant his motions.

Respectfully submitted,

DATED: August 13, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Gonzalo Solis-Salazar